IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-337-BO

| | |
|---|---|
| ZACHARY KRZYKWA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A

hearing was held on these matters before the undersigned on December 12, 2013, at Raleigh, North

Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further

proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final

decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant

to Title XVI of the Social Security Act. Plaintiff filed for SSI on August 1, 2008, alleging disability

since July 18, 1990. Plaintiff's claim was denied initially and on reconsideration. After conducting

a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff

was not disabled. The Appeals Council (AC) granted plaintiff's request for review and remanded

the decision to the ALJ, finding that testimony from a vocational expert (VE) was necessary.

Following remand a second hearing was conducted at which a VE appeared. On June 24,

2011, a second ALJ found plaintiff not to be disabled. The decision of the ALJ became the final

decision of the Commissioner when the Appeals Council denied plaintiff's request for review, and plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff had not engaged in any substantial gainful activity since his application date, the ALJ determined that plaintiff had the following severe impairments: autism

2

with developmental disorder, eating and tic disorders. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform the full range of work at all exertional levels but with significant non-exertional limitations. At step four, the ALJ found that plaintiff had no past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

I.    REMAND IS REQUIRED TO ADDRESS THE INADEQUACY OF THE STEP THREE DETERMINATION

The ALJ considered whether plaintiff met the criteria for Listing 12.10 for autistic disorder and other pervasive developmental disorders. The ALJ limited her analysis to whether plaintiff satisfied the "paragraph B" criteria, so the Court assumes that the paragraph A criteria have been satisfied. Paragraph B of the Listing requires presence of at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

In her discussion, the ALJ failed to consider or explain her basis for not considering all of the evidence in the record regarding these issues. For example, a marked restriction of activities of daily living may be found where a claimant has serious difficulty performing the activity without direct supervision. Listing 12.00(C)(1). A psychological evaluation revealed that plaintiff "is unable to live independently without significant supports in place," Tr. 341, which was not addressed by the ALJ at step three. Further, when determining that plaintiff did not have marked difficulties with maintaining concentration, persistence, or pace, the ALJ relied on the testimony

3

that plaintiff enjoyed watching television, but did not discuss the clinical finding that plaintiff "displays a clinically significant weakness in his Processing Speed skills . . . at the 2nd percentile and in the Extremely Low range." *Id.*

Because the ALJ failed to examine the clinical evidence in the record when making her determination, remand for further consideration is required.

## II. SUBSTANTIAL EVIDENCE DOES NOT SUPPORT THE ALJ'S FINDING AT STEP FIVE

In order to be found not to be disabled, a claimant must be able to perform work activities in a work setting on a regular and continuing basis, that is eight hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). In her decision, the ALJ found there to be "no limitations in the claimant's ability to perform these basic work related activities on a sustained basis." Tr. 29. Although the ALJ stated that she based her decision on the evidence of record, the Court finds that substantial evidence does not support the ALJ's extrapolation that because plaintiff completed high school and has maintained employment for two hours per day, three days per week through a vocational rehabilitation program that he will be able to similarly perform work in a regular work setting on a full-time basis.

Plaintiff's autism and related eating disorder have resulted in him weighing only 105 pounds although he is five feet, eleven inches tall, demonstrating that while he is highly functioning his autistic disorder does result in marked restriction in his activities of daily living. Tr. 59. The ALJ relied on plaintiff's statement that he grocery shops in support of her decision, although the transcript reveals that plaintiff only buys a gallon of milk every week and that he has never really bought more than that. Tr. 72. Finally, as discussed above, plaintiff was found to be unable to live independently without significant supports in place. Tr. 341. The Court cannot determine from the

4

ALJ's decision whether these portions of the record were considered when she made her findings at step five, and thus remand is appropriate due to the inadequacy of the ALJ's explanation. *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986).

<u>CONCLUSION</u>

Accordingly, plaintiff's motion for judgment on the pleadings [DE 25] is GRANTED and defendant's motion for judgment on the pleadings [DE 28] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _16_ day of January, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE